TARA K. MCGRATH
United States Attorney
Paul E. Benjamin
Assistant United States Attorney
California Bar No.306066
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7579
Email: paul.benjamin@usdoj.gov
Attorney for United States of America

FILED
OCT 31 2024
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALEXANDER MCCOLE (1)<br>Defendant. | Case No. 24-CR-00617-AJB<br><br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Tara K. McGrath, United States Attorney, and Paul E. Benjamin, Assistant United States Attorney, and the defendant, ALEXANDER MCCOLE, with the advice and consent of Meghan Blanco, counsel for Defendant, as follows:

//

//

//

//

//

# I

## THE PLEA

A. THE CHARGE

Defendant agrees to plead guilty to a three-count Superseding Information charging him as follows:

**Count One:**

Beginning on a date unknown and continuing up to March 27, 2024, in the Southern District of California and elsewhere, defendant ALEXANDER MCCOLE, did knowingly and intentionally conspire with other persons known and unknown to smuggle and knowingly take out of the United States firearms and ammunition with intent to engage in or to promote conduct that would be punishable under the Controlled Substances Import and Export Act if the conduct had occurred within the United States; in violation of Title 18, United States Code, Section 924(k)(2)(A).

**Count Two:**

Beginning on a date unknown and continuing up to March 27, 2024, within the Southern District of California and elsewhere, defendant ALEXANDER MCCOLE did knowingly and intentionally conspire with other persons known and unknown to distribute a mixture or substance containing a detectable amount of N-phenyl-N-[ 1-(2-phenylethyl)-4-piperidinyl ] propenamide (fentanyl), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

**Count Three:**

Beginning on a date unknown and continuing up to March 27, 2024, within the Southern District of California, and elsewhere, defendant

ALEXANDER MCCOLE did knowingly and intentionally conspire together with other persons known and unknown, to conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is, dealing in firearms without a license punishable under Title 18, United States Code,

a. with the intent to promote the carrying on of such specified unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

b. knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and while conducting and attempting to conduct such financial transactions knew the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

B. <u>DISMISSAL OF REMAINING CHARGES</u>

The Government agrees to (1) move to dismiss the remaining charges without prejudice when defendant is sentenced; and (2) not prosecute defendant thereafter on such dismissed charges unless defendant breaches the plea agreement, or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If defendant breaches this agreement or the guilty plea is set aside, Section XII shall apply.

C. <u>PRESERVATION OF EVIDENCE</u>

Defendant agrees that, following entry of Defendant's guilty plea, the Government need not hold or preserve any evidence seized in connection with this case. If the court has issued a preservation order in connection with any seized evidence, Defendant will request that the Court lift or revoke the preservation order following entry of Defendant's guilty plea.

D. FORFEITURE

Defendant further agrees to the administrative and/or civil forfeiture of all properties seized in connection with this case which defendant agrees are subject to forfeiture to the United States. Defendant further waives defendant's right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings. Defendant waives and disclaims Defendant's interest, if any, in the properties to be forfeited as described above. Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case.

## II

## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED

Defendant understands that the offense to which defendant is pleading guilty in **Count 1** has the following elements:

1. There was an agreement between two or more persons to commit the underlying offense and,

2. The defendant joined the agreement knowing of its purpose and intending to help accomplish that purpose.

The elements of the underlying offense are:

1. The defendant knowingly brought the firearm described in the out of the United States;

2. The Defendant intended to engage in or promote conduct that would be punishable under the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or would constitute a felony, a Federal crime of terrorism, or a drug trafficking offense, if such conduct occurred in the United States.

As to the forfeiture allegations for **Count 1**, the Defendant understands that the Government would have to prove by a preponderance of the evidence that the property(ies) subject to forfeiture are the firearms and ammunition involved with the offense.

Defendant understands that the offense to which Defendant is pleading guilty in **Count 2** has the following elements:

1. There was an agreement between two or more persons to distribute fentanyl;

2. Defendant knew the agreement had an unlawful object or purpose;

3. Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose;

As to the forfeiture allegations for **Count 2**, the Defendant understands that the Government would have to prove by a preponderance of the evidence that the property(ies) subject to forfeiture are property constituting or derived from proceeds obtained from the

offenses, or are property(ies) used or intended to be used to commit or to facilitate the commission of the offenses.

Defendant understands that the offense to which Defendant is pleading guilty in **Count 3** has the following elements:
Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. There was an agreement between two or more persons to conduct or attempt to conduct a financial transaction involving property that represented the proceeds of unlawful activity;

2. Defendant knew the agreement had an unlawful object or purpose;

3. Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose;

4. Defendant knew that the property represented the proceeds of unlawful activity;

5. Defendant acted with the intent to promote the carrying on of the unlawful activity, that is the dealing in firearms without a license; or

6. Defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the unlawful activity, that is the dealing in firearms without a license.

As to the forfeiture allegations for Count 3, the Defendant understands that the Government would have to prove by a preponderance of the evidence that the property(ies) subject to forfeiture are all property, real and personal, involved in such offense and all property traceable to such property.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and

admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

**Count One:**

1. Beginning on a date unknown and continuing up to and including March 27, 2024, in the Southern District of California and elsewhere, there was an agreement between Defendant Alexander MCCOLE and others to provide firearms for a Mexico-based Drug Trafficking Organization (DTO).
2. Defendant knew the agreement had an unlawful object or purpose. Defendant joined the agreement with the intent to further its unlawful object or purpose.
3. In furtherance of the conspiracy, Defendant obtained firearms from a straw purchaser in Texas. Defendant then drove the firearms to the Southern District of California and gave them to a member of the DTO to bring from the United States into Mexico.
4. Defendant intend to promote the DTO's conduct that would constitute a felony or federal drug trafficking offense if committed in the United States, including the manufacture, distribution, and importation of controlled substances. Defendant knew the firearms would be used unlawfully.

**Count Two:**

1. Beginning on a date unknown and continuing up to and including March 27, 2024, within the Southern District of California, and elsewhere, there was an agreement between Defendant Alexander MCCOLE and others to distribute fentanyl.

2. Defendant knew the agreement had an unlawful object or purpose. Defendant joined the agreement with the intent to further its unlawful object or purpose.

3. In furtherance of the conspiracy, Defendant obtained kilogram quantities of fentanyl in the Southern District of California and delivered them to members of the conspiracy in the Central District of California and elsewhere in the United States. Defendant possessed firearms as part of his drug trafficking activities.

**Sentencing Guidelines Drug Amount**

4. The entire conspiracy involved at least 400 grams and more of a mixture or substance containing a detectable amount of N-phenyl-N-[ 1-(2-phenylethyl)-4-piperidinyl ] propenamide (fentanyl), and this type and quantity of federally controlled substance was within the scope of the Defendant's agreement or was reasonably foreseeable to the Defendant.

**Count Three:**

1. Beginning on a date unknown and continuing up to and including March 27, 2024, in the Southern District of California and elsewhere, there was an agreement between Defendant Alexander MCCOLE and others to conduct financial transactions involving property that represented the proceeds of unlawful activity.

2. Defendant knew the agreement had an unlawful object or purpose. Defendant joined the agreement with the intent to further its unlawful object or purpose.

3. Defendant knew that the property represented the proceeds of an unlawful activity, namely his dealing firearms to co-defendant Adrian Perez and others without a license.

4. Defendant acted with the intent to promote the carrying on of the unlawful activity, that is the dealing in firearms without a license.

5. Specifically, Defendant gave cash received from illegally selling firearms to co-defendant Danirah Cabezuela to deposit into her account. Cabezuela then sent money from her account to the Texas straw purchaser to purchase more firearms for Defendant to sell illegally.

6. Defendant also knew that the transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the unlawful activity.

7. Specifically, Defendant instructed some firearm purchasers to send money to Cabezuela's account via money transfer applications rather than pay him in cash. This was done, along with the cash transactions described above, to disguise the fact that Defendant owned and controlled the money and to conceal the source of the money, that being Defendant's illegal firearm sales.

**III**

**PENALTIES**

Defendant understands that the crimes to which defendant is pleading guilty carry the following penalties:

**Count One:**

A. a maximum of 15 years in prison;

B. a maximum $250,000 fine;

C. a mandatory special assessment of $100 per count;

D. a term of supervised release of up to 3 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release;

E. forfeiture of all property, real and person, which constitutes or is derived from proceeds of the offense, and all property, real and personal, which was used to facilitate or was intended to be used to facilitate the commission of the offense; and,

F. possible ineligibility for certain federal benefits.

**Count Two:**

A. a maximum of 20 years in prison;

B. a maximum $1,000,000 fine;

C. a mandatory special assessment of $100 per count;

D. a term of supervised release of at least 3 years and up to life. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release;

E. forfeiture of all property, real and person, which constitutes or is derived from proceeds of the offense, and all property, real and personal, which was used to facilitate or was intended to be used to facilitate the commission of the offense; and,

F. possible ineligibility for certain federal benefits.

**Count Three:**

A. a maximum of 20 years in prison;

B. a maximum $500,000 fine;

C. a mandatory special assessment of $100 per count;

D. a term of supervised release up to 3 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to

serve in prison, upon revocation, all or part of the statutory maximum term of supervised release;

E. forfeiture of all property, real and person, which constitutes or is derived from proceeds of the offense, and all property, real and personal, which was used to facilitate or was intended to be used to facilitate the commission of the offense; and,

F. possible ineligibility for certain federal benefits.

**IV**

**DEFENDANT'S WAIVER OF TRIAL RIGHTS**

Defendant understands that this guilty plea waives the right to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of defendant; and,

F. Not testify or have any adverse inferences drawn from the failure to testify.

**V**

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be

required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI
## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other federal, state or local prosecuting, administrative, or regulatory

authorities, although the Government will bring this plea agreement to the attention of other authorities if requested by the defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation

about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures.

Count 1

| | | |
|---|---|---|
| 1. | Base Offense Level [§ 2K2.1(a)(5)] | 18 |
| 2. | Number of Firearms [§ 2K2.1(b)(1)(B)] | +4 |
| 3. | Trafficking of Firearms [§ 2K2.1(b)(5)] | +5 |
| 4. | Transfer for Export {§ 2K2.1(b)(6)] | +4 |
| | Total Offense Level | 31 |

Count 2

| | | |
|---|---|---|
| 1. | Base Offense Level [§ 2D1.1(c)(8)] | 30 |
| 2. | Possession of Firearm [§ 2D1.1(b)(1)] | +2 |
| | Total Offense Level: | 32 |

Count 3

| | | |
|---|---|---|
| 1. | Initial Base Offense Level [§2K2.1] | 18 |
| 2. | Number of Firearms [§2K2.1(b)(1)(B)] | +4 |
| 3. | Trafficking of Firearms [§ 2K2.1(b)(5)] | +5 |
| 4. | Final Base Offense Level [§2S1.1] | 27 |
| 5. | Conviction under § 1956 [§2S1.1(b)(2)] | +2 |
| | Total Offense Level: | 29 |

//
//
//

Grouping Analysis

| | |
|---|---|
| 1. Multiple Counts [§§ 3D1.1(a)(2) & 3D1.3 & 3D1.1(a)(3)] | +2 |
| 2. Adjusted Offense Level | 34 |
| 3. Acceptance of Responsibility [§ 3E1.1] | -3 |
| 4. Appeal Waiver / Early Resolution [§ 5K2.0] | -2 |
| Total Offense Level: | 29 |

B. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;
2. Falsely denies prior criminal conduct or convictions;
3. Is untruthful with the Government, the Court or probation officer; or
4. Breaches this plea agreement in any way.

C. FURTHER ADJUSTMENTS OR VARIANCES UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any such downward adjustments, departures or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have no agreement as to the defendant's Criminal History Category.

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. <u>PARTIES' RECOMMENDATIONS REGARDING CUSTODY</u>

The Government will recommend that Defendant be sentenced to the low end of the advisory guideline range recommended by the Government at sentencing.

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government will recommend that Defendant be sentenced within the advisory guideline range recommended by the Government at sentencing.

G. SPECIAL ASSESSMENT/FINE/FORFEITURE

1. Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2. Fine

The parties have no agreement as to a fine and the Government may recommend that Defendant pay a monetary fine to be paid forthwith at the time of sentencing. The Government may also recommend an additional fine to cover the cost of imprisonment, supervised release or probation, pursuant to 18 U.S.C. § 3572(a)(6).

//

3. Forfeiture

The Defendant consents to the forfeiture allegations of the Superseding Information. The Defendant further agrees to the to the administrative and/or civil forfeiture of all properties seized in connection with this case (including but not limited to all U.S. currency, vehicles, electronic devices, firearms and ammunition, and any other seized items) which the Defendant agrees are subject to forfeiture to the United States pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2), 881 and Title 18, United States Code, Section 924(d)(1), and 982(a)(1), and Title 28, United States Code, Section 2461(c). Defendant consents and agrees to the immediate entry of order(s) of forfeiture as the Government deems necessary. Defendant agrees that upon execution of this plea agreement the Defendant's interest(s) in any and all seized properties is terminated. Defendant waives all rights to receive notices of any and all forfeitures. Defendant agrees that by signing this plea agreement he/she is immediately withdrawing any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process(es). Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility. Defendant further waives the

requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s). Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

**XI**

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but

is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

**XII**

**BREACH OF THE PLEA AGREEMENT**

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;

6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a

breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

**XIII**

**CONTENTS AND MODIFICATION OF AGREEMENT**

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

**XIV**

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and his counsel did not advise him about what to say in this regard.

TARA K. McGRATH
United States Attorney

10/21/24
DATED

Paul E. Benjamin
PAUL E. BENJAMIN
Assistant U.S. Attorney

10-18-24
DATED

MEGHAN BLANCO
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

10-18-24
DATED

ALEXANDER MCCOLE
Defendant